## In re O'NEAL et al.

### (Circuit Court, N. D. Alabama, S. D. ·June 19, 1893.)

OFFICE AND OFFICERS—REMOVAL—POWER OF PRESIDENT—PRESUMPTIONS.

The removal of a district attorney and marshal was ordered by the president during a vacation of the senate, and before the expiration of the four-years term for which they were appointed, but they refused to surrender their offices. Subsequently, on the assembling of the district court, the new appointees to these positions presented commissions, signed by the president and attorney general, and demanded recognition. *Held*, that the court could not in this informal manner pass upon the question whether the president has power, in vacation of the senate, to remove officers whose terms have not expired, but, until the question was determined by a direct proceeding for that purpose, would presume that the executive had acted within his. constitutional power, and would recognize the new appointees.

Recently, during the vacation of the senate, the president removed Levi E. Parsons, Jr., and A. R. Nininger, respectively district attorney and marshal for the northern district of Alabama, and issued commissions to Emmett O'Neal and J. V. Musgrove as their successors. The former declined to surrender their offices, and, the district court having convened pursuant to an adjournment of the March term, the question arose as to whom it would recog-. nize as the proper incumbents.

J. A. W. Smith, for L. E. Parsons.

D. D. Shelby, for A. R. Nininger.

Thos. R. Roulhac. for Emmett O'Neal.

Loudon & Tillman, for J. V. Musgrove.

BRUCE, District Judge, (orally.) The conclusion seems to be a clear one. The question has been argued, to some extent at least, as if it were whether, in cases like these, the appointment being for four years, the president of the United States has power, in vacation of the senate, to remove an officer before his four years have expired. That question is not before the court now. It could be made only in some formal proceedings, recognized by law as a mode in which such questions could be raised and decided. This is not such a case. It is not even a motion; nothing like a quo warranto proceeding. This is the day to which the March term of this court was adjourned. Causes on the criminal docket are to be called for trial, and the judge of the court must recognize some one as entitled to speak for the United States, and some one to act as the executive officer of the court. Mr. O'Neal and Mr. Musgrove present commissions respectively as district attorney and marshal, signed by the president of the United States and the attorney general of the United States, and under the seal of the department of justice.

Is any effect to be given to these commissions? And are they now, in this hearing, to be held void, on the ground. as it is claimed, that the condition of the law on the subject is such that the president of the United States has no power to make these appointments?

Courts must proceed in an ordinary manner, and will not presume that the departments of the government will act otherwise than in accordance with their powers and duties. Acts of the lawmaking power of the government are presumed to be within the constitutional powers of the congress until the contrary is shown to the courts in some formal and proper mode recognized by the law of proceedings in the courts. It is not less so in regard to the executive department of the government, and on this hearing it must be presumed that the president acted, in making these appointments, in accordance with the constitutions and laws. The department of justice is a department of the government of the United States recognized by law, and the attorney general of the United States is at the head of the department, and district attorneys and the United States marshals are under his order and direction. How can it be maintained that the district attorney and marshal are in the actual possession of the offices they claim when they are acting in opposition to the orders and directions of the attorney general of the United States? The new appointees to the offices of district attorney and marshal whose names are in the commissions they bear and present here are recognized on this hearing as the persons entitled to represent the United States in their respective offices. Other questions have been argued, but it is not deemed necessary to discuss them.